**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **STEVEN GREGORY,  No. N54503,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 14-cv-00031-JPG** |
| ) | |
| **RANDY DAVIS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Steven Gregory, an inmate in Vienna Correctional Center ("Vienna"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, related to the conditions of his confinement.

The complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune  from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to

relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Analysis

Plaintiff Gregory takes issue with the conditions of his confinement at Vienna, where he has been housed since July 5, 2013. According to the complaint, the second and third floors of Building 19 where Davis is housed are overcrowded; he is being exposed to asbestos-covered pipes; the toilet and pipes leak; when it is hot there is no cold water; the ventilation is inadequate, and there are bugs in the living area. In addition, the toilets in the dietary building are not functioning properly; and there is a hole in the wall. Plaintiff has also found a bug in his food. These issues, alone and in combination, are actionable Eighth Amendment claims. *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each would not suffice alone; this would occur when they have "a mutually

enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")).  With that said, the complaint is still flawed in certain respects.

Warden Randy Davis is the sole defendant.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Documentation attached to the complaint reflects that Warden Davis has "acknowledged" the conditions of confinement, but denied that there are any hazardous conditions (*see* Doc. 1, p. 8).  Although this is an extremely weak allegation, reading the complaint as a whole, the Court will allow this individual capacity claim to proceed.  In addition, the warden of the facility, in his official capacity, is the proper defendant to answer for claims regarding the conditions of confinement and to carry out any injunctive relief granted.  *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001).  Therefore, the Eighth Amendment claims against Davis in his official capacity survives preliminary review.

The complaint actually only seeks the restoration of good time credits, elimination of Plaintiff's term of parole, and the expungement of his criminal record—remedies that are not available under Section 1983.  The complaint is construed liberally because Plaintiff is proceeding *pro se*.  Therefore, the Court is willing to consider the complaint as seeking injunctive relief against Warden Davis (as noted above).  If Plaintiff seeks compensatory or punitive damages against Davis in his personal capacity, he may amend the complaint accordingly.

In any event, Plaintiff has pleaded himself out of court.  The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534–535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under Section 1983).

Although exhaustion of administrative remedies is an affirmative defense and not a pleading requirement, the Supreme Court has recognized that a plaintiff can still plead himself out of court on such a basis, as with any affirmative defense, such as a statute of limitations. *Jones v. Bock*, 549 U.S. 199, 211-212, 215 (2007); *see also Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004). The complaint and the attached documentation make clear that Plaintiff's grievance regarding the conditions of his confinement was not pursued through the entire administrative process. After Warden Davis rejected Plaintiff's grievance as an "emergency," it was submitted to a counselor who, essentially, rejected the claims and returned the grievance on August 14, 2013. Plaintiff drafted his complaint on August 22, 2013—why it was not filed until January 10, 2014, is unclear. In any event, the grievance was never presented to the Administrative Review Board, the final step in the administrative process. *See* 20 Ill. Admin. Code § 850. Therefore, this action was prematurely filed and must be dismissed, albeit without prejudice. If and when the exhaustion requirement is satisfied, Plaintiff can file a new action.

## The Filing Fee

Plaintiff's motion for pauper status (Doc. 2) will be addressed by separate order, as the deadline for receipt of Plaintiff's trust fund account information is not until March 3, 2014 (see Doc. 6). However, Plaintiff is advised that the obligation to pay the filing fee for this action was

incurred at the time the complaint was filed, thus the filing fee of $400.00 remains due and payable, even though this action is being dismissed.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1997e(a).  Judgment shall enter accordingly and the Clerk of Court shall close this case.  The Clerk shall also have the record reflect that Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**DATED:  February 6, 2014**

s/J. Phil Gilbert
_____
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**