IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEVEN GREGORY, <br> No. N54503[1], <br><br>           Plaintiff, <br><br>   vs. <br><br> RANDY DAVIS, <br><br>           Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 14-cv-00031-SMY <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Steven Gregory, a former prison inmate, brings this action pursuant to 42 U.S.C. § 1983. He is suing over deprivations of his constitutional rights in relation to the conditions of his confinement when he was housed at Vienna Correctional Center ("Vienna"). His third amended complaint (Docs. 18, 17) is now before the Court for preliminary review in accordance with 28 U.S.C. § 1915A.

The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

---

[1] Mr. Gregory was recently released from prison.

*Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 821 (7th Cir. 2009).

## Analysis

Plaintiff Gregory takes issue with the conditions of his confinement while he was housed at Vienna. The third amended complaint (which must be read without reference to prior pleadings) is far from a model of clarity, but it will be read generously due to Plaintiff's *pro se* status. Plaintiff takes issue with the conditions of Building 19 where he was housed. His health and safety were endangered by exposure to asbestos-covered pipes and mold (which may have long-term health consequences); the toilet and pipes leaked; the ventilation was inadequate; and there was an infestation of bugs. These issues, alone and in combination, are actionable Eighth Amendment claims. *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012) (citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each would not suffice alone; this would occur when they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")). With that said, the third amended complaint still fails.

There are three named defendants: Warden Randy Davis; S.A. Godinez, the director of the Illinois Department of Corrections; and Vienna Correctional Center. Plaintiff seeks monetary damages from each defendant. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an

individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Vienna Correctional Center is an Illinois Department of Corrections ("IDOC") facility, not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Vienna Correctional Center will be dismissed from the action with prejudice.

S.A. Godinez is the director of the IDOC. Because Section 1983 creates a cause of action based on personal liability and predicated upon fault, the doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Thus, the mere fact that Godinez occupies a supervisory position is insufficient for liability to attach. Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused a constitutional deprivation can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002).

Any individual capacity claim against Director Godinez must be dismissed because there is no mention of him in the narrative of the third amended complaint, and signing off on the denial of an administrative grievance is insufficient for liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Any official capacity claim also fails because liability stems from the execution of an official policy, practice or custom by a government official. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). There is only the vague assertion that Plaintiff was "wronged by an corporation (prison system) and its staff…" [sic] (Doc. 18, p. 14). Out of an abundance of caution, Defendant S.A. Godinez will be dismissed without prejudice.

Relative to Warden Randy Davis, it is alleged that he "admitted that the subsidiary of IDOC Vienna, which he is in charge of was truly at fault of the violations" [sic] (Doc. 18, p. 14). From Plaintiff's perspective, documentation attached to the complaint reflects that Warden Davis "acknowledged" the conditions of confinement, but denied that there were any hazardous conditions (*see* Doc. 18, p. 5). In a memo from Warden Davis to all concerned about the conditions of confinement, he does acknowledge inmate complaints about the facility and explains that since his arrival he has tried to make some improvements, and he generally lays out a plan for action. *Id*. The memo does not in any way suggest deliberate indifference, which is required for individual liability under Section 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). (prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners").

Warden Davis, as the warden of the facility, could be liable in his official capacity and would be responsible for carrying out any injunctive relief. *See Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). However, now that Plaintiff has been released from custody and is no longer housed at Vienna, any request for injunctive relief is moot. Furthermore, the Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). No claims have been stated against Warden Davis, so he will be dismissed. Out of an abundance of caution, Defendant Davis will be dismissed without prejudice.

The third amended complaint fails to state a claim upon which relief can be granted, so it will be dismissed. Although the Court dismissed Director Godinez and Warden Davis without prejudice, leave to attempt to amend a fourth time will not be granted. *See Agnew v. NCAA*, 683

F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to amend but failed to cure a defective claim).  If Plaintiff desires to pursue his claims regarding the conditions of his confinement, he may do so by opening another civil case (and either paying an additional filing fee, or moving for leave to proceed as a pauper).

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Defendants **S.A. GODINEZ and RANDY DAVIS** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** and <u>without</u> leave to amend. This dismissal shall not count as one of Plaintiff's allotted "strikes" under 28 U.S.C. § 1915(g).  Judgment shall enter accordingly.  The Clerk of Court shall administratively close this case.

**IT IS SO ORDERED**.

**DATED: March 18, 2015**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**UNITED STATES DISTRICT JUDGE**